UNITED STATES DISTRICT COURT  b
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| FRANKLIN STATE BANK & TRUST CO. | CIVIL ACTION NO. 3:16-CV-01150 |
| VERSUS | JUDGE JAMES |
| CROP PRODUCTION SERVICES, INC. | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Franklin State Bank & Trust Co. ("FSB") a Louisiana chartered banking corporation, filed this action against Crop Production Services, Inc. ("CPS") (a Delaware corporation). FSB is suing CPS for reimbursement of erroneous payments made to CPS of 2015 crop proceeds, on which FSB had a priority lien.

In January 2015, FSB entered into three inter-creditor agreements with CPS with regard to the 2015 crops grown by Dickerson Agricultural Partnership ("DAP"), W&T Farms, LLC, B&T Farms, LLC, and Kelley Ag Services, Inc. (collectively "the Farms"). Thomas A. Dickerson ("Dickerson") is an interest owner and/or representative for each of the Farms. Pursuant to the agreements, FSB would loan a certain amount to each Farm and CPS would provide chemicals, seed, fertilizer, and services up to a certain amount for the Farms for the 2015 crop year. The agreements provided for FSB to have a first priority lien on any sale proceeds, crop insurance proceeds, and certain government program payments for crops grown in 2015. Thus, the Farms's crop proceeds would be applied first to FSB loans for crop year 2015 until

paid in full, and thereafter to the CPS debt. Apparently, the same agreement was also made between FSB, CPS, and the Farms for the 2014 crop year.

Dickerson customarily visited FSB's loan officer, Clark McCain, and presented checks to him from the crop proceeds. The crop proceeds alleged herein were presented to FSB as being from the 2014 crop year. Since FSB's debt for 2014 had already been paid in full, FSB/McCain endorsed those proceed checks over to CPS for payment of its debt, in accordance with their contract.

In February 2016, it was discovered that Dickerson had misrepresented the crop year for which some of the crop sales proceeds were received by the Farms. Sales proceeds represented to be from the 2014 crops were actually from 2015 crop sales, for which FSB had unpaid debts totaling $1,436,3112.78 and priority liens. Because of Dickerson's misrepresentations that the 2015 proceeds were from crop year 2014, the 2015 proceeds were erroneously endorsed over to CPS.

CPS answered the complaint and made a jury demand (Docs. 6, 13). CPS then filed a Third Party Complaint against W&T Farms (a Louisiana limited liability company owned by Dickerson), DAP (a Louisiana partnership), Dickerson (a resident of Louisiana), Scott Higdon (a resident of Louisiana), and Theresa Higdon (a resident of Louisiana).[1] Scott and Theresa Higson are alleged to be Dickerson's partners in DAP.[2]

---

[1] B&T Farms, LLC, and Kelley Ag Services, Inc. were not sued by CPS.

[2] Josh Russell is also named as a partner in the DAP Articles of Partnership (Doc. 20-2).

All third party defendants were served (Doc. 16). A default was entered against Dickerson, DAP, and W&T Farms by CPS (Doc. 19). Scott and Theresa Higdon filed a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), with an attached affidavit and documentary evidence (Doc. 20).

There is a related lawsuit filed by CPS against Dickerson, DAP, and Scott and Theresa Higdon, to collect on two secured promissory notes and guarantees executed by Dickerson and DAP to CPS, as well as incidental debts, costs, expenses incurred, and attorney fees. See Crop Production Services, Inc. v. Dickerson, Case No. 16-00907 (W.D.La.). A default judgment was entered against Dickerson in that case.[3] The Higdons filed the same motion to dismiss in that case, also.

The Higdons allege in their motion that: (1) they are not "general partners" in DAP; (2) they never signed any of the documents organizing the DAP partnership; (3) the Higdons's signatures on the DAP articles of partnership are forgeries; and (4) the Higdons have no knowledge of or involvement in the forged documents and DAP. The Higdons contend the forged document (Articles of Partnership) relied on by CPS is an absolute nullity and cannot form the basis for the Higdons's liability to CPS (Doc. 20).

CPS filed a brief in opposition to the Higdons's motion (Doc. 23), making the same arguments that it makes in the case of Crop Production Services, Inc. v. Dickerson. CPS objects to the Higdons's attachment of an affidavit to their motion to dismiss. CPS also contends the Higdons's forgery argument is a defense to liability, rather than a basis for showing CPS did not state a claim. That argument appears

---

[3] A default judgment against the Higdons was pretermitted in that case, pending resolution of their forgery claims in their motion to dismiss.

to be correct since, accepting the allegations of the complaint as true and construing them in the light most favorable to CPS, CPS has stated a claim for breach of contract. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982), cert. den., 459 U.S. 1105 (1983).

Since the Higdons's affidavit is inherent to their forgery argument in their motion to dismiss, it will be considered by the Court[4] and their motion will be treated as one for summary judgment in accordance with Fed.R.Civ.P. Rule 12(b).

IT IS ORDERED that the Higdons and CPS have through **March 31, 2017** to file supplemental briefs on the motion for summary judgment and to support their arguments with summary judgment-type evidence.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this __16th__ day of February, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

---

[4] The Articles of Partnership name four partners: Scott Higdeon, Theresa Higdeon, Josh Russell, and Jimmy Dickerson (Doc. 17). (The Higdons's name is spelled with an "e" in the Articles of Partnership). The Higdons have not produced affidavits from the other persons who allegedly signed the DAP Articles of Partnership: Tony Dickerson (a witness), Chris Nygal (a witness, the spelling of whose name is unclear), and Josh Russell (the fourth "partner") (Doc. 17). Nor have the Higdons produced an affidavit from the notary before whom they all allegedly signed the Articles of Partnership, DeWanna P. Casiday, Notary ID 066100. However, it is curious that the Articles of Partnership gave the same address for each partner, 845 Lamar Church Road, Delhi, Louisiana, which is the address of Dickerson's Richland Parish farm (Doc. 17).