c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| FRANKLIN STATE BANK & TRUST COMPANY, Plaintiff | CIVIL ACTION NO. 3:16-CV-01150 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CROP PRODUCTION SERVICES, INC., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is an Opposed Motion to Alter Scheduling Order, and Alternatively to Permit Untimely Designation of Expert and Fixing Date for Delivery of Defendant's Expert Report ("Motion to Alter") (Doc. 64), filed by Defendant Crop Production Services, Inc. ("CPS"). Plaintiff Franklin State Bank & Trust Company ("Franklin State Bank") opposes the motion. (Doc. 69). CPS replied. (Doc. 70). Because CPS failed to show good cause, CPS's Motion to Alter is denied.

Under Fed. R. Civ. P. 16(b)(3)(A), the scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions. Under Fed. R. Civ. P. 16(b)(4), a schedule may be modified only for good cause and with the court's consent. Squyres v. Heico Companies, L.L.C., 782 F.3d 224, 237 (5th Cir. 2015). The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." Marathon Fin. Ins. Inc., RRG v. Ford Motor Co., 591 F.3d 458, 470 (5th

1

Cir. 2009) (quoting S&W Enters., LLC v. Southtrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003)).

In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. See Leza v. City of Laredo, 496 Fed.Appx. 375, 377 (5th Cir. 2012) (citing Reliance Ins. Co. v. Louisiana Land & Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997)); see also Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990) (using this four-factor test to determine whether good cause exists for an untimely submission of expert reports).

This matter is set for jury trial beginning December 10, 2018. (Doc. 45). Under the current scheduling order, all parties must identify their experts to opposing parties by June 15, 2018, and CPS's expert reports must be delivered to Franklin State Bank by July 26, 2018. (Doc. 45). The scheduling order also establishes that experts must be available for depositions during the two weeks prior to September 19, 2018. (Doc. 45). The scheduling order further provides special requirements for motions to extend deadlines. (Doc. 45). "A motion to extend any deadline shall include a statement that the granting of the motion shall or shall not affect any other deadline or the trial date . . . Therefore, motions for extensions of time must be filed as soon as possible, but in any event, not later than the day before the existing deadline." (Doc. 45).

CPS seeks to extend the deadline for their designation of expert witnesses and additional lay witnesses to form experts' opinions, the deadline for submission of CPS's expert reports, and the deadline by which discovery should be completed. (Doc. 64). Alternatively, CPS seeks to permit untimely designation of expert and a fixing date for delivery of CPS's expert report to Franklin State Bank. (Doc. 64). CPS's only explanation appears to be that they were either waiting to see what the other side would do, or waiting for a decision that no expert testimony was needed. (Docs. 64, 70). The potential testimony needed seems to be unimportant, as CPS states "expert testimony would probably be unnecessary and perhaps inappropriate." (Doc. 64). Given that CPS's assertion that expert opinion is likely unwarranted in this case, the Court sees no good cause to extend the deadline to obtain a contrary expert opinion. (Doc. 64).

Also, CPS failed to timely file its motion <u>before</u> the existing deadline, as required by this Court's scheduling order. (Doc. 45). Rather, CPS filed its motion well after the deadline to identify experts. (Doc. 45). CPS submits Franklin State Bank identified an expert on June 7, 2018, in response to written discovery. (Doc. 64). CPS, therefore, had eight days <u>prior</u> to the expert designation deadline to either seek an extension or to retain an expert. Other than its "wait and see" approach, CPS offers no other explanation for its failure to timely move to amend the scheduling order. (Docs. 64, 70). Thus, CPS has shown no diligence in meeting the deadlines it seeks to extend. <u>See</u> <u>Bilbe v. Belsom</u>, 530 F.3d 314, 317 (5th Cir. 2008) (the district court's decision regarding whether to modify a scheduling order is afforded great

3

deference, especially where the facts of the case suggest a lack of diligence on the part of the movant); S&W Enters., LLC, 315 F.3d at 535.

Accordingly,

**IT IS HEREBY ORDERED** that CPS's Motion to Alter (Doc. 64) is **DENIED**.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __19th__ day of July, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge